UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID B. RICHARDS, JR.

    Plaintiff,

*v.*                           CASE NO. 09-CV-10139

COMMISSIONER OF           DISTRICT JUDGE PAUL D. BORMAN
SOCIAL SECURITY,            MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

**I.    RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits. This matter is currently before the Court on cross-motions for summary judgment. (Docs. 15, 16.)[2]

Plaintiff was 29 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 10 at 17, 67.) Plaintiff's relevant employment history includes work as an assembler for one year, car detailer for one year, general laborer for six years, janitorial worker for one month, landscaper for one summer, and a machine operator for one year. (Tr. at 78.) Plaintiff last worked in 2002. (*Id.*)

Plaintiff filed the instant claim on June 2, 2004, alleging that he became unable to work on May 26, 2000. (Tr. at 67.) The claim was denied at the initial administrative stages. (Tr. at 31.) In denying Plaintiff's claims, the Defendant Commissioner considered seizure disorder and depression as possible bases of disability. (*Id.*)

On August 22, 2007, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Earl A. Witten, who considered the application for benefits *de novo*. (Tr. at 13-25.) In a partially favorable decision dated November 19, 2007, the ALJ found that Plaintiff became disabled January 1, 2003, but not before. (Tr. at 25.) Plaintiff requested a review of this decision on December 17, 2007. (Tr. at 11.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on July 29, 2008, when, after the review of

---

[2]Plaintiff filed a motion for leave to file excess pages with a proposed motion and brief attached on April 16, 2009, and the motion was granted on April 21, 2009. (Docs. 11, 12.) Plaintiff mistakenly assumed that the attachment would be electronically filed as a motion by the Court after the motion for leave was granted. As a result, the motion and brief were not filed until chambers staff brought the mistake to Plaintiff's counsel's attention. However, since the motion and brief as attached were timely, the recent filing will be considered timely.

additional exhibits[3] (Tr. at 446-67), the Appeals Council denied Plaintiff's request for review. (Tr. at 5-7.) On January 13, 2009, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Doc. 1.)

**B.     Standard of Review**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

---

[3]In this circuit, when the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting S.S.R. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, the court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of the court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,*

486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

### C.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x 515, 524 (6th Cir. 2003). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If Plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920.  *See also Heston,* 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work."  *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540).  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

**D.     ALJ Findings**

On May 26, 2000, while intoxicated, Plaintiff drove through the wall of his garage and a metal pole came through the windshield and struck him in the head. (Tr. at 20.) Plaintiff experienced frontal bone and sinus fractures, traumatic brain injury, facial fractures, cerebral fractures, and open skull fractures. (*Id.*) Plaintiff was released from the hospital on May 30, 2000. In early November 2000, Plaintiff underwent plastic surgery for his facial fractures. (*Id.*) The ALJ noted that there are very few treatment records for the period between November 2000 and January 2003. (*Id.*) On January 2, 2003, Plaintiff was admitted to the hospital after he suffered a grand mal seizure. (*Id.*) As mentioned, the ALJ found that Plaintiff was disabled as of the day before – January 1, 2003. (Tr. at 25.)

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 26, 2000. (Tr. at 20.) At step two, the ALJ found that Plaintiff's depression, anxiety, personality disorder, history of alcohol and drug abuse, seizure disorder, and asthma were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 21.) At step four, the ALJ found that Plaintiff lacked the residual functional capacity to perform his past relevant work. (Tr. at 23.) At step five, the ALJ found that Plaintiff is a younger individual (age 18-44) and was able to perform a limited range of sedentary work prior to January 1, 2003, but was disabled as of January 1, 2003. (Tr. at 24-25.) Thus, the ALJ's decision was partially favorable and Plaintiff challenges only the finding that Plaintiff was not disabled between May 26, 2000, and January 1, 2003.

  **E.** **Analysis and Conclusions**

  **1.** **Legal Standards**

Once a finding of disability is made, the ALJ must determine the onset date of the disability and Social Security Ruling 83-20 governs that determination. It provides that:

> Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at onset date. However, the individual's allegation or the date of work stoppage is significant *only if it is consistent with the severity of the condition(s) shown by the medical evidence.*

SSR 83-20 at 1 (emphasis added). "[M]edical evidence serves as the primary element in the onset determination." (*Id.* at 2); *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 833 (6th Cir. 2004).

> Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e. be decided on medical grounds alone) before onset can be established . . . In some cases, it may be possible, based on medical evidence, to reasonably infer that the onset of a disabling impairment occurred sometime prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working.

(*Id.*) The Plaintiff must prove that he became disabled prior to the date selected by the Commissioner; the Commissioner is not required to disprove any earlier onset date, as long as the Commissioner's determination is supported by substantial evidence. *Blankenship v. Sec'y of Health and Human Servs*, 874 F.2d 1116, 1121 (6th Cir. 1989); *Besaw v. Sec'y of Health and Human Servs*, 966 F.2d 1028, 1030 (6th Cir. 1992).

After review of the record, I first suggest that the ALJ utilized the proper legal standard in the application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

### 2.     **Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where

substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

In the instant case, the medical evidence shows that as of July 11, 2000, Plaintiff's frontal lacerations from his car accident were "well-healed." (Tr. at 215.) The doctor noted that Plaintiff "does complain of some double vision, but extraocular movements are grossly intact." (*Id.*) A CT scan performed on August 1, 2008, showed the "area of encephalomalacia and pneumocephalus is smaller" and that "his CSF leak has sealed off." (Tr. at 214.) On August 17, 2000, Plaintiff's doctor noted he "has had no significant headaches," "no CSF leak," "does still note some double vision, although his extraocular movements seem intact" and had "complete resolution of the pneumocephalus." (Tr. at 213.) Plaintiff underwent plastic surgery in November 2000 and, one week later, his doctor indicated that he did "not really have anything further to offer" and that Plaintiff should "follow up with his plastic surgeon when he might return to work." (Tr. at 212.)

When Plaintiff sought emergency treatment for a grand mal seizure on January 2, 2003, Plaintiff denied ever having seizures in the past and stated that he never had any problem with withdrawal seizures from alcohol. (Tr. at 232.) Thus, although Plaintiff now argues that the "seizures have continued from 2000 to 2003," (Doc. 16 at 34), his own statements to doctors and the medical evidence do not support his current stance. I therefore find that the allegations made in Plaintiff's motion papers relating to his disability onset date are not probative, as they are not consistent with the severity of the condition as documented by the medical evidence. SSR 83-20 at 1.

Accordingly, after review of the record, I conclude Plaintiff has not proven that he became disabled prior to the date selected by the Commissioner and that the determination is supported by

substantial evidence. I therefore find that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

 s/ *Charles E Binder*
 CHARLES E. BINDER
Dated: August 6, 2009  United States Magistrate Judge

10

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date:  August 6, 2009                               By_____s/Patricia T. Morris_____
                                                                     Law Clerk to Magistrate Judge Binder